UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY GARCIA, | : |
| Plaintiff, | : CASE NO. 25-cv-02631 |
| v. | : |
| WALMART INC., | : **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | : |

Plaintiff Gary Garcia ("plaintiff" or "Garcia") initiated this action, *pro se*, against his employer, defendant Walmart Inc. ("defendant" or "Walmart"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. §§ 2000e, *et seq*. Title VII, of course, prohibits employers from discriminating against employees and applicants based on certain protected characteristics, namely race, gender, religion, and national origin. Plaintiff alleges that Walmart terminated his employment due to a misunderstanding regarding his I-9 paperwork and brought him back seven (7) weeks later without back pay. This does not implicate Title VII. Plaintiff's Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.    Summary of Plaintiff's Allegations**[1]

Walmart hired plaintiff in August 2021 to work in an unspecified capacity at the Monticello store. Plaintiff completed and submitted an I-9 form, only to be advised by Walmart People Lead Marilyn Smith the paperwork was "kicked back" with a "non-confirmation" designation. Ms. Smith told plaintiff to contact the Department of Homeland Security ("DHS") and/or the Social Security Administration ("SSA") about his employment eligibility. Plaintiff did so and was told

---

[1] For purposes of the instant motion to dismiss, defendant treats plaintiff's factual allegations as true.

1

by SSA the information he provided to Walmart was correct. With the I-9 issue resolved plaintiff assumed active employment.

Plaintiff alleges that over the next two years and eleven months he was subjected to accusations, by unnamed accusers, that he lied about contacting SSA to confirm his eligibility for employment and was questioned by unnamed members of management as to whether he was born in the U.S. and had a social security number. On July 20, 2024, Ms. Smith allegedly advised plaintiff of another non-confirmation and directed him to take corrective measures within ten days or his employment would be terminated. Three days later, on July 23, 2024, plaintiff visited the SSA office and was told everything was in order so far as his employability was concerned. Plaintiff claims that when he returned to work on July 26, 2024, he explained to Ms. Smith that SSA confirmed there were no issues with his paperwork and the problem was on the employer's side. Nevertheless, Ms. Smith terminated plaintiff's employment while designating him eligible for rehire.

Following his discharge, plaintiff contacted the Department of Justice and supposedly learned Ms. Smith didn't follow proper procedure. Someone named Ronda, affiliation unspecified, undertook an investigation and told plaintiff he would be getting his job back and receive back pay for the missed time. However, "[t]he store and marketing manager insisted that [he] wasn't owed any back pay… [e]ven though [he] was terminated 7 weeks [earlier]." Plaintiff next spoke with Aaron Klein, affiliation unspecified, who placed the blame for the mishap on plaintiff, only to subsequently confirm plaintiff was not at fault while reiterating he would not be receiving back pay for the missed time. Upon returning to work plaintiff provided a social security card, birth certificate, and another unspecified form of identification, and E-Verify confirmed he was legally authorized to work.

**II.     Law & Argument**

Although in assessing a Rule 12(b)(6) motion the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), to withstand scrutiny the complaint's factual averments must suffice "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

"If a complaint does not state a plausible claim for relief, it must be dismissed."  *Waris v. Bitter*, No. 23-CV-9487, 2024 WL 3237914, at *2 (S.D.N.Y. June 28, 2024) (Clarke, J.).  That is the case here.

To establish a plausible claim under Title VII, plaintiff must allege that (1) he is a member of a protected class; (2) he is qualified for h[is] position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Williams v. Samaritan Daytop Village Woodside Senior Ctr.*, No. 23-CV-10323, 2025 WL 850547, at *5 (S.D.N.Y. Jan. 29, 2025), *report and recommendation adopted*, No. 23-CV-10323, 2025 WL 836834 (S.D.N.Y. Mar. 14, 2025) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015)).  "[T]he allegations in a plaintiff's complaint must give plausible support to the *prima facie* claim

requirements." *Atherley v. New York City Dep't of Educ.*, No. 23-CV-383, 2024 WL 1345741, at *6 (S.D.N.Y. Mar. 29, 2024) (Clarke, J.) (internal citations omitted).  Although the pleading standard is not overly demanding, it has not been met here.

The Complaint depicts confusion regarding plaintiff's I-9 paperwork and his eligibility to work, culminating in his termination and a seven-week hiatus in employment until the matter was resolved and he was reinstated.  Nothing in the Complaint suggests a Title VII violation.  Because "[t]he '*sine qua non*' of a discrimination claim under Title VII … is that 'the discrimination must be because of a protected characteristic,'" *Budhan v. Brightworks Sustainability LLC*, No. 24 Civ. 5104, 2025 WL 919926, at *4 (S.D.N.Y. Mar. 26, 2025), "[a]t the pleading stage, the Plaintiff must plausibly allege that…his *race, color, religion, sex, or national origin* was a motivating factor in the employment decision." *Freud v. New York City Dep't of Educ.*, No. 1:21-CV-2281, 2022 WL 889213, at *8 (S.D.N.Y. Mar. 25, 2022) (emphasis added), *aff'd,* No. 22-879, 2023 WL 3103588 (2d Cir. Apr. 27, 2023).  Plaintiff does not do so.  Thus, plaintiff does not tie his brief separation from employment, or any other adverse employment action, to a Title VII-protected characteristic.

To be sure, in the charge filed with the U.S. Equal Employment Opportunity Commission as a precursor to bringing this federal court action plaintiff checked the national origin box.  But nowhere in the Complaint does plaintiff identify his national origin, much less does plaintiff suggest his national origin, whatever it may be, was a motivating factor behind his termination and/or rehire without back pay.  If anything, plaintiff appears to cast himself as the victim of discrimination based on his citizenship status.  However, "nothing in [Title VII] makes it illegal to discriminate on the basis of citizenship or alienage."  *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 95, 94 S. Ct. 334, 38 L. Ed. 2d 287 (1973); *see also Karupaiyan v. CVS Health Corp.*, No. 19

Civ. 8814, 2021 WL 4341132, at *22 (S.D.N.Y. Sept. 23, 2021) ("The Court agrees with the CVS Defendants that, as a matter of law, neither Title VII nor the NYSHRL protects against citizenship discrimination, as distinct from national origin discrimination.") (citing multiple cases).

Because plaintiff does not claim to have suffered an adverse employment action on account of a characteristic protected by Title VII, the Complaint does not state a cognizable claim for relief under Title VII and should be dismissed.

### III. Conclusion

For the foregoing reasons, defendant's motion to dismiss should be granted and plaintiff's Complaint dismissed in its entirety, with prejudice.

Dated: May 1, 2025
      New York, New York

Respectfully submitted,

DEFENDANT,
WALMART INC.

By: /s/ *Lawrence Peikes*
    Lawrence Peikes (LP-2478)
    lpeikes@wiggin.com
    WIGGIN AND DANA LLP
    437 Madison Avenue
    35th Floor
    New York, NY 10022
    (212) 551-2600

24860\55\4898-2466-1052.v1